IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES ALFRED SMITH, JR.,

           Petitioner,                            ORDER

     v.                                            08-cv-641-slc

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

           Respondent.

---

James Alfred Smith, Jr., an inmate at the Waupun Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. I have granted his application for leave to proceed in forma pauperis in a separate order. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. According to the rule, the district court must review a habeas petition promptly and may dismiss it summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases. The court may dismiss a petition summarily if it determines that the petition "raises a legal theory that is indisputably without merit" or contains factual allegations that are "palpably incredible." Small v. Endicott, 998 F.2d 411, 414 (7th Cir. 1993). If the petition is not dismissed, "the judge must order the respondent to file an

answer, motion, or other response within a fixed time, or to take other action the judge may order." Rule 4.

Petitioner was convicted of armed robbery in 1994 in the Circuit Court for Milwaukee County. In 1996, he filed an application for a writ of habeas corpus challenging that conviction on various grounds. On March 28, 2007, United States District Judge John Shabaz denied the petition with prejudice. Smith v. Schneiter, 06-cv-0375-jcs, dkt. #28. Petitioner's appeal of that judgment is before the court of appeals. Smith v. Grams, Court of Appeals Docket # 07-2302.

In the instant petition, petitioner does not appear to be challenging the lawfulness of his 1994 conviction, so he does not run afoul of the rules governing the filing of second or successive petitions. 28 U.S.C. § 2244(b). His claims are as follows:

1) his mandatory release date has been extended five years in violation of his right to due process;

2) he was found guilty in 121 major conduct reports in violation of Wis. Admin. Code DOC 303.81(9) in violation of the Fourteenth Amendment;

3) the Wisconsin Court of Appeals misconstrued his habeas corpus proceeding as a John Doe action in the Circuit Court for Columbia County; and

4) the Court of Appeals and Circuit Court used "methods of administration" to deny him access to the court in violation of Title II of the Americans With Disabilities Act.

2

A federal court can grant habeas relief to a state prisoner only if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). None of petitioner's claims sets forth a cognizable Constitutional or federal law claim. Petitioner's first two claims appear to be interrelated.  As best I can tell, petitioner is arguing that prison officials found him guilty of misconduct without sufficient evidence to do so, which has had the effect of extending his mandatory release date.  In <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-67 (1974), the Supreme Court held that an inmate cannot be deprived of a liberty interest through a disciplinary hearing unless he receives 1) written notice of the charge at least 24 hours before the hearing; 2) the opportunity to be heard before an impartial decision-maker; 3) the opportunity to call witnesses and present evidence; and 4) a written statement from the finder of fact identifying the evidence and reasoning underlying the disciplinary action.  In addition, the decision of a prison conduct board must be supported by "some evidence."  <u>Superintendent, Mass. Corr. Inst., Walpole v. Hill</u>, 472 U.S. 445, 454 (1985).

Petitioner has not alleged facts sufficient to state a due process violation under <u>Wolff</u> or <u>Hill</u>.  The rules governing habeas petitions provide that the petition must specify all the grounds for relief available to the petitioner *and* state the facts supporting each ground.  Rule 2(c) of the Rules Governing Section 2254 Cases.  The conclusory "notice pleading" permitted in civil suits is inadequate in habeas cases, since "the petition is expected to state facts that

3

point to a 'real possibility of constitutional error.'" Advisory Committee Note to Habeas Rule 4 (quoting <u>Aubut v. State of Maine</u>, 431 F.2d 688, 689 (1st Cir.1970)). Petitioner does not allege any specific facts concerning any one of his 121 conduct reports or challenge any particular disciplinary proceeding but alleges only in the broadest terms that the evidence against him was insufficient. If petitioner has facts to show that he was deprived at a particular disciplinary hearing of the due process protections to which he was entitled and if he has exhausted his state court remedies with respect to such a claim, he may file a new petition. However, blanket assertions of unfairness or lack of "due process" like the ones petitioner makes in the instant petition are insufficient to state a cognizable constitutional claim.

Petitioner's last two claims fail to state a cognizable claim, as well. Petitioner does not explain how the alleged failure of the state courts to properly construe his filings has affected the fact or duration of his confinement. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (habeas corpus is remedy for petitioner who challenges fact or duration of his physical imprisonment). As for petitioner's allegation that the courts' "method of administration" deprived him of his rights under the Americans With Disabilities Act, petitioner has not alleged any facts to show that the ADA applies to him or any other facts to suggest that he has a valid claim under the ADA. In any case, that claim is more appropriately brought under 42 U.S.C. § 1983.

4

ORDER

IT IS ORDERED that the petition is DISMISSED WITHOUT PREJUDICE pursuant to Pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Entered this 20th day of November, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge