IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES ALFRED SMITH, JR.,

           Petitioner,                                  ORDER

    v.                                                08-cv-0641-slc

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

           Respondent.

---

James Alfred Smith, Jr., has filed a notice of appeal from this court's order and judgment entered June 16, 2009, dismissing his amended petition for a writ of habeas corpus. He has not paid the appellate filing fee.

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas corpus proceeding "in which the detention complained of arises out of process issued by a State court" unless the district court grants him a certificate of appealability. However, this provision does not apply to petitioner because the detention he is complaining of in his habeas petition arose from prison disciplinary proceedings, not state court proceedings. Nonetheless, because it appears that petitioner is seeking to appeal in forma

1

pauperis, I must determine whether his appeal is taken in good faith. 28 U.S.C. § 1915(a)(3).

As an initial matter, it has come to my attention while reviewing this case that the "Order" portion of the June 16, 2009 opinion and order, along with the judgment, are incorrect. The order and judgment state that the entire petition is dismissed with prejudice. However, in the opinion, I explained that petitioner's claims that the Department of Corrections and state courts used "methods of administration" to deprive him of his right to access to the court under the First Amendment and the Americans With Disabilities Act had to be dismissed because they were not properly brought in a habeas petition and had to instead be brought in a civil action under § 1983. These claims should have been dismissed without, rather than with, prejudice. I will vacate the order and amend it accordingly.

Petitioner's implicit request for leave to proceed in forma pauperis will be denied because I certify that his appeal is not taken in good faith. To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). As just noted, the judgment will be amended so that petitioner may refile his first two claims in a civil action under § 1983, so there is no merit to his appealing that portion of the order. (That said, he would be foolish to file a § 1983 action, as his claims have dubious merit.) As for petitioner's remaining claim, which challenges 121 administrative orders that allegedly

resulted in a loss of good time credits, no reasonable person could suppose there is any merit to petitioner's appeal. Petitioner's challenge to those orders is founded on the department's failure to follow its own regulation, which does not amount to a constitutional violation. Further, petitioner has failed to allege any additional facts to suggest that he was denied at any particular hearing of the procedural protections to which he was due under Wolff v. McDonnell, 418 U.S. 539, 564 (1974). Without such facts, no reasonable person could suppose there is any merit to petitioner's appeal.

ORDER

IT IS ORDERED THAT:

1. The "Order" portion of the June 16, 2009 opinion and order, dkt. #17, and judgment, dkt. #18, are VACATED. The new order and judgment should read as follows:

> IT IS ORDERED THAT the petition is DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Petitioner's claims that the Department of Corrections and state courts used "methods of administration" to deprive him of his right to access to the court under the First Amendment and the Americans With Disabilities Act are DISMISSED WITHOUT PREJUDICE to his refiling them as a civil action under § 1983. His claim that he was deprived of due process at 121 disciplinary proceedings is DISMISSED WITH PREJUDICE for petitioner's failure to allege facts setting forth a cognizable constitutional claim.

  2.  Petitioner's request for leave to proceed in forma pauperis is DENIED pursuant to Fed. R. App. P. 24(a)(3)(A) because I certify that his appeal is not taken in good faith.

Entered this 10th day of July, 2009.

        BY THE COURT:

        /s/

        BARBARA B. CRABB
        District Judge

4